# McManus's Estate.

*Executors and administrators—Coexecutors—Compensation—Counsel fees.*
Where an individual and a trust company are coexecutors of an estate, and the individual has taken and administered the assets to the exclusion of the trust company, and the latter has been compelled for its own protection to require the coexecutor to file an account, an allowance to the trust company for compensation and counsel fees of an amount slightly in excess of one-half of the compensation and counsel fees allowed to the other executors, will not be set aside by the Supreme Court, where it appears that the amount allowed to the individual executor was not objected to in any way by the beneficiaries under the will.

Argued Feb. 27, 1906. Appeal, No. 336, Jan. T., 1905, by Francis P. McManus, executor et al., from decree of O. C. Berks Co., Sept. T., 1905, No. 20, overruling exceptions to adjudication in Estate of Caroline McManus, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication. Before BLAND, P. J.

In addition to the facts stated in the opinion of the Supreme

Court it appeared that Francis P. McManus was allowed for his compensation the sum of $4,786.49 and that his counsel was allowed $1,435, without any objections by the parties in interest. The auditing judge allowed the Reading Trust Company, the coexecutor, $2,393.24 as compensation, and $1,200 counsel fee. Exceptions to the allowances to the Reading Trust Company were overruled.

*Error assigned* was decree overruling exceptions to the adjudication.

*Cyrus G. Derr*, for Francis P. McManus.

*Frank P. Prichard*, for Catharine Archer.

*Isaac Hiester*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 9, 1906 :

When this estate was here last year on an appeal by the present appellee from a decree of the orphans' court refusing to require Francis P. McManus, one of the executors, to file an account, our Brother BROWN, delivering the opinion, said: " What the appellant asks us to say is, that as executor it has certain rights as against its coexecutor, who owes it certain duties. When it accepted letters testamentary and qualified as one of the executors, its rights as the personal representative of the deceased in the settlement of her estate were no less than those of the appellee. If he took into his own hands all of the assets and utterly excluded his coexecutor from any participation in the settlement of the estate, it has a right now to know from him that his stewardship has been so discharged that no further accountability rests upon it. . . . There is no denial in the answer that the appellant is entitled to compensation, nor that it has incurred costs and is liable for counsel fees to be paid by the estate. Such costs and counsel fees are for the consideration of the court and for its allowance of them on an adjudication of the account of the executor having all the funds of the estate in his hands : " McManus's Estate, 212 Pa. 267.

The counsel for Francis P. McManus, coexecutor, one of the distributees and one of the appellants, in his printed brief says that his client has at no time denied that the appellee is entitled to compensation and expenses out of the estate of the testatrix, and claims that "the compensation should be such as would reasonably requite the appellee for the care and observation implied in the having of knowledge of what the appellant was doing, and the services rendered in the enforcement of such right, and of the right to an account and adjudication as aforesaid." His contention is, however, that the orphans' court erred in measuring the compensation by a percentage upon the debit side of the account. If we understand the position of the counsel for Mrs. Archer, a distributee and an appellant, he concedes the right of the appellee to compensation out of the estate but contends that it should not be measured by a commission. He, like McManus's counsel, also claims that the amount allowed by the court below is excessive.

It will therefore be observed that here, as in the court below, the only question is the amount of compensation due the trust company and its counsel for services rendered the estate. This was a question of fact to be determined by the orphans' court and the appellants have not shown that its finding is so clearly erroneous as to justify us in holding it to be unreasonable or excessive. The learned judge of the court below, familiar with all the facts, has demonstrated that the services of the appellee and its counsel were of much greater value to the estate of the decedent than those of the coexecutor and his counsel. This comparison was perfectly legitimate and proper in determining the compensation of the appellee and its counsel in view of the fact that the amount allowed McManus and his counsel was acquiesced in and agreed to by all the distributees of the decedent's estate. This agreement fixes the value of the services to the estate of one of the executors and his attorney. In determining the amount of McManus's compensation, it must be assumed that the distributees took into consideration the value of the estate, the work done, and such other matters as form a proper basis for estimating the value of such services. At all events, it cannot reasonably be assumed that they consented to an allowance to McManus that was exorbitant and not warranted by the facts of the case. The learned judge

below therefore cannot be convicted of error in making use of this criterion in ascertaining the amount due the other executor. The sum allowed the trust company is one-half the amount the distributees agreed was reasonable compensation for McManus for performing the necessary services in the settlement of the estate. In addition to this as a basis for the appellee's compensation, the learned judge has found that the sum awarded by the court to the trust company and its counsel is reasonable in view of the services actually rendered by them. Considering all the facts in the case, including the additional labor and expense necessitated by the conduct of McManus and the other distributees, the appellants, here, we cannot say that the compensation allowed by the court below to the appellee was not proper and reasonable.

The decree is affirmed.